**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4527**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARQUISE BROWN, a/k/a Quez, Short Boy, a/k/a Key,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:16-cr-00064-MR-DLH-1)

Submitted:  January 22, 2019                          Decided:  February 5, 2019

Before MOTZ and KING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Joseph B. Gilbert, TARLTON POLK PLLC, Raleigh, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marquise Brown appeals his conviction and 120-month sentence following his guilty plea to conspiracy to distribute and to possess with intent to distribute more than 280 grams of cocaine base, in violation of 18 U.S.C. §§ 841(b)(1)(A), 846 (2012). Brown's attorney has filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), concluding there are no meritorious grounds for appeal, but questioning whether plain error occurred when Brown, with the advice of counsel, pleaded guilty to an indictment alleging a drug offense with a 10-year mandatory minimum sentence. Brown has filed a pro se brief in which he claims there was no factual basis to support his guilty plea. Brown argues that the Government incorrectly calculated the drug quantity attributable to him, which improperly subjected him to the 10-year mandatory minimum. Upon review, we affirm.

Because Brown did not move in the district court to withdraw his guilty plea, we review the Fed. R. Crim. P. 11 hearing for plain error. *United States v. Martinez,* 277 F.3d 517, 527 (4th Cir. 2002). To establish plain error, Brown must demonstrate "that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights. Even if [Brown] satisfies these elements, we may exercise our discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Strieper,* 666 F.3d 288, 295 (4th Cir. 2012) (alteration, citation, and internal quotation marks omitted). In the guilty plea context, a defendant can establish prejudice by showing a reasonable probability that he would not have

2

pleaded guilty but for the Rule 11 error. *United States v. Sanya,* 774 F.3d 812, 816 (4th Cir. 2014).

After reviewing the record, we conclude that the magistrate judge properly ascertained that Brown's plea was both knowing and voluntary. Contrary to Brown's claims that he was improperly subjected to a 10-year statutory minimum, the magistrate judge thoroughly reviewed the nature of the charge, the mandatory minimum penalty, and the factual basis for the plea with Brown. Brown confirmed that he understood that he was subject to a 10-year statutory minimum, admitted to his involvement in a conspiracy involving more than 280 grams of cocaine base as charged in the indictment, and stated his agreement with the factual basis attached to the plea agreement and recited by the Government. *See Fields v. Att'y Gen.,* 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."). Our review of the record reveals that the magistrate judge fully complied with Rule 11, addressed all of its requirements, and properly ascertained that Brown's plea was supported by a sufficient factual basis. We therefore discern no plain error in the plea colloquy.

Counsel also raises a claim of ineffective assistance of counsel, suggesting that Brown "did not fully understand counsel's recommendation that he agree to stipulate responsibility for over 280 grams of crack cocaine (and its attendant 10-year minimum penalty for the conspiracy guilty plea)." (*Anders* Br. (ECF No. 18) at 7). We conclude that no conclusive evidence of ineffective assistance appears on the face of the record and

3

any such claims should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Faulls,* 821 F.3d 502, 507-08 (4th Cir. 2016).

In accordance with *Anders,* we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's amended judgment. This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*